**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Date:                 March 5, 2013

Courtroom Deputy:  Sabrina Grimm
Court Reporter:    Tracy Weir
Probation Officer: Gary Kruck

**Criminal Action No.  11-cr-00422-REB-01**

| *Parties:* | *Counsel:* |
|---|---|
| UNITED STATES OF AMERICA, | M.J. Menendez |
|     Plaintiff, | |
| v. | |
| 1.  HA MAHN DO, | Harvey Steinberg |
|     Defendant. | |

**SENTENCING MINUTES**

**1:37 p.m.    Court in session.**

Court's preliminary remarks.

This proceeding is a continued sentencing hearing from February 22, 2013.

Defendant is present on bond.

The court has considered all relevant matters of fact and law, including the following:

- The parties' plea agreement under USSG § 6B1.2, including the parties' written stipulation of facts relevant to sentencing under USSG § 6B1.4(a);
- The nature and circumstances of the offense(s) – focusing on "the real conduct" – for which the defendant is being sentenced;
- The history and characteristics of the offender;

- The authorized sentences under 18 U.S.C. § 3551;
- The presentence report and any addendum;
- The basic purposes of criminal punishment: deterrence; incapacitation; just punishment; and rehabilitation as declared in the Sentencing Reform Act of 1984;
- The purposes and goals of sentencing as prescribed by Congress at 18 U.S.C. §  3553(a)(2);
- The factors to be considered in imposing sentence pursuant to 18 U.S.C. §§ 3582(a) and 3553(a)(1)-(7);
- The constitutional and relevant provisions of the advisory USSG;
- The kinds of sentence and the sentencing range established under the USSG for the applicable category of offense committed by the applicable category of defendant pursuant to 18 U.S.C. § 3553(a)(4);
- The need to avoid unwarranted sentencing disparities by "ensuring similar sentences for those who have committed similar crimes in similar ways," *Booker*;
- The need to restitute victims;
- The pertinent policy statements of the US Sentencing Commission;
- The need to impose sentences that satisfy the needs and requirements of 18 U.S.C. § 3553(a)(2);
- The advancement of the seminal congressional goals of honesty, uniformity, and proportionality in sentencing;
- The principle and requirement codified at 18 U.S.C. § 3553(a), to impose a sentence that is sufficient, but not greater than necessary, to achieve the congressional goals and purposes of sentencing;
- The propriety or necessity of imposing concurrent or consecutive sentences after considering the provisions of 18 U.S.C. § 3584(a) and (b);
- The position of the government, the defendant, and the probation department;
- The evidence presented, reasons stated, arguments advanced, authorities cited by the parties in their papers and during their oral argument and presentation.

The court makes a sentencing statement pursuant to 18 U.S.C. § 3553(c) and enters findings of fact, conclusions of law, judgment(s) of conviction, sentence(s), and orders.

**IT IS ORDERED** as follows:

1. That the plea agreement of the parties as presented in Court's Exhibits 1 and 2 is formally approved;

2. That the pending motions are resolved as follows: Defendant's Motion for Variant Sentence [189] is **GRANTED**; Government's Motion for Defendant to Receive the Third Level for Acceptance of Responsibility under U.S.S.G. §3E1.1(b) [190] is **GRANTED**; Government's Motion to Dismiss

       Counts One and Two of Indictment [191] is **GRANTED**; Government's Motion for Downward Departure for Substantial Assistance under United States Sentencing Guideline § 5K1.1 [194] is **GRANTED**;

3. That judgment of conviction under Fed. R. Crim. P. 32(k) is entered on Count One (1) of the Information;

4. That pursuant to the Sentencing Reform Act of 1984, it is the judgment and sentence of this court that the defendant is committed to the custody of the Bureau of Prisons to be imprisoned for a term of **time served**;

5. That the defendant shall be placed immediately on supervised release for a term of **four (4) years**;

6. That while on supervised release, the defendant shall comply with the following conditions of supervised release:

    - all mandatory conditions of supervised release, prescribed by law at 18 U.S.C. § 3583(d) and USSG §5D1.3(a);

    - all standard conditions of supervised release approved and imposed by this court in all such cases and circumstances; and

    - the following explicit or special conditions of supervised release:

        - that the defendant shall not violate any federal, state, or municipal statute, regulation, or ordinance in any jurisdiction or place where defendant may be during the term of supervised release;

        - that the defendant shall not possess or use illegally controlled substances;

        - that the defendant shall not possess or use any firearm or destructive device as defined under federal law at 18 U.S.C. § 921;

        - that the defendant shall cooperate in the collection of a sample of defendant's DNA;

        - that the defendant shall submit to one drug test within fifteen (15) days from entry of formal judgment in this case, and thereafter, to at least two periodic tests for the use of controlled substances as directed and determined by the

> Court;
>
> - that at defendant's expense, the defendant shall, unless then indigent, undergo a mental health evaluation/alcohol substance abuse evaluation, and thereafter, at defendant's expense receive any treatment, therapy, counseling, testing or education prescribed by the evaluation or as directed by defendant's probation officer or as ordered by the court; that defendant shall abstain from the use of alcohol or other intoxicants during the course of any such treatment, therapy, counseling, testing, or education; provided, furthermore, that to ensure continuity of treatment, the probation department is authorized to release mental health records and reports of the defendant and the PSR to any person or entity responsible for or involved in the treatment, therapy, counseling, testing, or education of the defendant;
>
> - that the defendant shall reside in a halfway house for a period of six (6) months to commence 21 days from today and shall comply with all rules, regulations, policies, directives, orders, and contractual provisions imposed by the halfway house in which defendant resides;
>
> - that after release from the halfway house the defendant shall be placed on home detention for a period of twelve (12) months, during which he shall be in his place of residence at all times except for approved absences for gainful employment, religious services, medical care, and such other times and activities as may be authorized specifically by his probation officer.  This home detention shall be enforced by electronic monitoring as directed by the probation officer.  The defendant, at his own expense, shall make arrangements necessary to facilitate such electronic monitoring and shall cooperate fully with his probation officer to facilitate and implement home detention.

7. That no fine is imposed.

8. That the defendant shall pay forthwith a special victim's fund assessment fee of $100.00.

9. That an order and judgment of forfeiture shall be entered pursuant to the plea agreement of the parties and the admission of the defendant of the forfeiture allegation of the Information and under the authority of Fed. R. Crim. P. 32.2(b)(3) and the statutory provisions of 21 U.S.C. § 853(c), and

      that immediately after this hearing, the defendant and his attorney shall confer with the probation officer present, in open court, to schedule an appointment for Mr. Do to read, review, and execute the written conditions of supervised released imposed by the Court.

Parties state they have no objections to the sentence imposed.

The defendant waives formal advisement of appeal.

**2:13 p.m.**  **Court in recess.**

Total time in court:   00:36

Hearing concluded.